# Ex Parte Calzada.

## Apelación procedente de la Corte de Distrito de San Juan.

No. 68.—Resuelto en mayo 12, 1904.

Dominio—Posesión para Adquirirlo—Título—Prescripción.—Para adquirir por la prescripción ordinaria el dominio de los inmuebles es necesario acreditar el tiempo de posesión del promovente, o el de su causante, así como si posee o nó con título, y en caso afirmativo, la naturaleza del mismo.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan,(*) a instancia del Abogado Don Emigdio S. Ginorio, a nombre de Don Sergio Calzàda Ferrer, sobre acreditar el dominio de una finca rústica, pendientes ante nos a virtud del recurso de apelación interpuesto por el promovente contra la sentencia dictada por el referido tribunal de distrito, la que copiada a la letra dice así:

"Puerto Rico, junio 17 de 1903.

"*Resultando*: que Don Sergio Calzada Ferrer ha promovido expediente de dominio para acreditar el de una finca rústica, radicada en el barrio de Lomas, de Río Grande, de 17 cuerdas, con casa de madera techada de paja y lindante el terreno por el Norte con Marcelo Mundo y el río Canovanillas, Sur y Este, Don José Albandoz, y Oeste, el citado río; adquirida la finca por compra a Tomás del Valle por $280 sin mediar título alguno.

"*Resultando*: que admitida la información, publicados los edictos, citados el Sr. Fiscal, los colindantes Mundo y Albandoz y el vendedor, declaráron dos destigos ser cierto que el promovente es dueño en pleno dominio y posee quieta y pacíficamente y sin interrupción de nadie la finca descrita con la casa que adquirió de Tomás del Valle, sin mediar título algun'o en la compra.

"*Resultando*: que vencido el término de prueba se citaron al promovente y al Sr. Fiscal solamente, por no haberse presentado ningún opositor, a una comparecencia verbal, alegando el actor lo que estimó conveniente.

"*Considerando*: que si bien las declaratorias de dominio para los efectos de la inscripción en el registro de la propiedad, que en expedientes de esta naturaleza se hagan, no merecen en manera alguna el concepto de definitivo, por poderse promover otro juicio sobre el mismo objeto, causa de la inscripción que se resuelva, según sentencia del Supremo de 29 de abril de 1887, es lo cierto que la Ley Hipotecaria concede a los propietarios que carecen de título escrito de dominio dos caminos distintos: uno, justificar la posesión, de que se ocupan los artículos 390 al 393, los que pueden convertirse en inscripciones de dominio, pasado el término que la ley determina; y el otro, los expedientes de dominio que refieren el 395.

"*Considerando*: que al consignar la ley en esos diversos artículos derechos a los propietarios, no es para que lo elijan a su capricho, pues de lo contrario holgarían los artículos referentes a los posesorios y el de conversión de posesorio en dominio. (*)

"*Considerando*: que comprueba y demuestra lo expuesto las palabras del 395 al decir que el dominio se ha de justificar con las formalidades que prescribe, entre ellos, las pruebas legales que de la adquisición pueda ofrecer, agregando después que el juez, calificando dichos pruebas, con un criterio racional declarará justificado o nó el dominio, demostrando todo ello la distinción antes expresada y que no deben ser idénticas las pruebas en uno y otro.

"*Considerando*: que dado el resultado de la prueba inserta en el segundo resultando, que ni siquiera contiene el tiempo que ha durado la posesión que para los posesorios requiere el artículo 391 de la Ley Hipotecaria. Se declara no haber lugar a la declaratoria de dominio que Don Sergio Calzada Ferrer solicita de la finca rústica mencionada en el primer resultando. Lo acuerdan y firman los señores del tribunal y certifico. Juan Morera Martínez, Frank H. Richmond. Luis Méndez Vaz."

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos y que elevados los autos a esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, a cuyo acto sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Emigdio S. Ginorio.*

Abogado del Pueblo: *Sr. Emilio del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que apreciada la prueba ofrecida por el promovente Don Sergio Calzada Ferrer, y que se reduce a las declaraciones de los dos testigos que han depuesto en el presente informativo, no es posible accederse a la declaratoria de dominio que interesa dicho Calzada Ferrer, toda vez que los testigos no acreditan el tiempo de posesión que lleva el promovente, y que en su escrito dice que no excede de dos meses, ni el que poseyera su causante, ni si poseía, o nó, con título, y (*) en caso afirmativo, cual fuera éste, requisitos necesarios para probar la adquisición del dominio de un inmueble por la prescripción ordinaria, o sea de menos de 30 años.

*Visto* el artículo 395 de la vigente Ley Hipotecaria y la Orden Judicial de 4 de abril de 1899.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada en cuanto por ella se resuelve no haber lugar a la declaratoria de dominio solicitada por Don Sergio Calzada Ferrer, con las costas a su cargo.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.